Barrie v. Garland

BIA
A095 473 987

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand twenty-three.

PRESENT:
>     RICHARD J. SULLIVAN,
>     WILLIAM J. NARDINI,
>     EUNICE C. LEE,
>           *Circuit Judges.*

_____

AMADU M. BARRIE,
          *Petitioner*,

          v.                                          20-1787
                                                      NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:               Justine A. Marous, Marous Law
                              Group, P.C., New York, NY.

**FOR RESPONDENT:**      Brian Boynton, Acting Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Kevin J. Conway, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Amadu M. Barrie, a native and citizen of Sierra Leone, seeks review of a May 11, 2020, decision of the BIA denying his motion to reopen his removal proceedings to pursue adjustment to lawful permanent resident status based on a pending visa petition filed by his U.S. citizen wife. *In re Barrie,* No. A095 473 987 (B.I.A. May 11, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies,

2

is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (quotation marks omitted).

A noncitizen seeking to reopen removal proceedings generally may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Barrie's 2020 motion to reopen was untimely because he filed it more than 12 years after his 2007 removal order.

A movant who demonstrates ineffective assistance of counsel may be entitled to equitable tolling of the deadline for a motion to reopen. *Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008). Barrie alleged that his prior attorney was ineffective, principally for failing to file documents in support of his appeal to the BIA or inform him of the outcome of the appeal in time to petition this Court for review. To qualify for tolling, a movant must — among other things — demonstrate that he "exercised due diligence

3

during the entire period" to be tolled.  *Id*. at 132; *see also Iavorski v. INS*, 232 F.3d 124, 135 (2d Cir. 2000).  The movant must demonstrate diligence during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed."  *Rashid*, 533 F.3d at 132; *see also Cekic v. INS*, 435 F.3d 167, 170–71 (2d Cir. 2006) (movant bears burden to establish diligence).  Whether the movant acted within a reasonable time depends on the circumstances of each case, "namely, whether and when the ineffective assistance was, or should have been, discovered by a reasonable person in the situation."  *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (quotation marks and brackets omitted).

The BIA did not err in concluding that Barrie failed to exercise the diligence necessary for equitable tolling.[1]  It reasonably found, based on Barrie's affirmation, that Barrie learned that his former attorney failed to timely inform him

---

[1] As Barrie's untimely motion to reopen based on ineffective assistance does not meet the requirements for equitable tolling, , we do not reach the agency's alternative finding that Barrie failed to comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988).

4

of the BIA decision ordering his removal shortly after the time to petition for review of that decision lapsed in 2007. Barrie alleged that he sought the advice of other attorneys beginning in 2011; but, even if those consultations established a diligent pursuit of his rights between 2011 and 2020, Barrie offers no justification for his failure to act between 2007 and 2011. We have found a lack of diligence based on substantially shorter periods of inaction. *See Rashid*, 533 F.3d at 132–33 (no diligence where petitioner learned of BIA's adverse decision, made one phone call to counsel, and then waited 14 months to seek new counsel); *Jian Hua Wang*, 508 F.3d at 715–16 (upholding denial of reopening where petitioner waited eight months after discovering ineffective assistance to file motion); *Cekic*, 435 F.3d at 171–72 (no diligence where petitioners waited two years after discovering ineffective assistance and submitted no evidence of actions taken); *Iavorski*, 232 F.3d at 134–35 (no diligence where petitioner waited two years).

Absent equitable tolling, Barrie's motion to reopen to apply to adjust status was untimely. *See Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) ("emphasiz[ing] that

5

untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board and will ordinarily be denied"); *In re Velarde-Pacheco,* 23 I. & N. Dec. 253, 256 (B.I.A. 2002) (listing timeliness as first requirement of motion to reopen to adjust status). Accordingly, his motion "could only be considered upon exercise of the Agency's *sua sponte* authority" to reopen despite the time limits. *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *see also* 8 C.F.R. § 1003.2(a) (version in effect until Jan. 14, 2021). The BIA invokes this authority only in "exceptional situations," not as a "general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship." *In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997).

The agency's decision whether to exercise its sua sponte reopening authority is "entirely discretionary" and not subject to judicial review by this Court. *Ali*, 448 F.3d at 518. There is one exception: "where the [BIA] may have declined to exercise its *sua sponte* authority because it

misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the [BIA] for reconsideration in view of the correct law is appropriate." *Mahmood*, 570 F.3d at 469. Here, the agency gave two reasons for denying sua sponte reopening: the absence of exceptional circumstances, and Barrie's failure to demonstrate prima facie eligibility for adjustment of status.

Barrie argues that the agency failed to adequately consider evidence of hardship to his family, and it overlooked or gave insufficient weight to evidence showing his eligibility to adjust status, some of which had been filed in support of a prior motion to reopen. As to hardship, the BIA acknowledged Barrie's contention that equities warranted a favorable exercise of discretion, and "we presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). The BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (quotation marks

7

omitted). Additionally, the BIA's sua sponte authority is generally not a basis to relieve a petitioner of the hardship of the filing limitations. *See In re G-D-*, 22 I. & N. Dec. 1132, 1133-34 (B.I.A. 1999) ("As a general matter, [the BIA] invoke[s] [its] sua sponte authority sparingly, treating it not as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations.").

As to his eligibility for relief, Barrie provides no authority for his implicit argument that the BIA was required to consider evidence submitted in support of a prior motion to reopen in adjudicating a later motion. Even taking that evidence into account, the agency did not misperceive Barrie's eligibility to adjust to lawful permanent resident status because there was no evidence that the visa petition his wife had filed on his behalf had been approved. *See* 8 U.S.C. § 1255(a) (requiring an "immediately available" immigrant visa for adjustment of status); *see also Drax v. Reno*, 338 F.3d 98, 113-14 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>